**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

JACKSON OUTFITTER'S, LLC,
1725 McKenzie Springs Road
Placerville, CO 81430,

and

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,
231 St. Asaph's Road, Suite 100
Bala Cynwyd, PA 19004-0950,

   Plaintiffs,

v.

KEITH A. McCONAUGHEY,
607 Southside Drive
Woodville, WI 54028-9580,

PAUL D. HUFTEL,
746 200th Street
Baldwin, WI 54002-5120,

BRADLEY E. HOPP,
207 215th Street
Baldwin, WI 54002-2802,

and

JEDEDIAH B. HOPP,
207 215th Street
Baldwin, WI 54002-2802,

   Defendants.

Case Number: 3:25-cv-768

JURY TRIAL DEMANDED

---

## <u>COMPLAINT</u>

  Plaintiffs, Jackson Outfitter's, LLC and Philadelphia Indemnity Insurance Company, by

and through counsel, hereby allege and demand as follows:

## JURISDICTION AND VENUE

1.     Jurisdiction is proper under 28 U.S.C. §1332, as this concerns citizens of different states; specifically, PIIC being a Pennsylvania corporation; Jackson Outfitter's, LLC, being a Colorado limited liability corporation; and the Defendants being individuals from the State of Wisconsin, and the amount in controversy exceeds $75,000.00.

2.     Venue is proper under 28 U.S.C. § 1391(b)(1) because this is the judicial district in which all of the Defendants reside, as they are all residents of St. Croix County, Wisconsin.

## PARTIES

3.     Plaintiff, Jackson Outfitter's, LLC ("JOL"), is a limited liability company, duly organized and existing under the laws of the State of Colorado with its principal place of business at the above-captioned address in Colorado.  The members of JOL are Roy and Milissa Jackson, who reside in Colorado.

4.     Plaintiff, Philadelphia Indemnity Insurance Company ("PIIC"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 231 St. Asaph's Road, Suite 100, Bala Cynwyd, PA 19004-0950.

5.     At all times relevant hereto, PIIC provided liability insurance to JOL in connection with its business, under a policy of insurance that was in full force and effect at all relevant times.

6.     Defendant, Keith A. McConaughey ("McConaughey"), is an adult individual who, at all times relevant hereto, was a Wisconsin resident who resided at the above-captioned address in St. Croix County, Wisconsin.

7.     Defendant, Paul D. Huftel ("Huftel"), is an adult individual who, at all times relevant hereto, was a Wisconsin resident who resided at the above-captioned address in St. Croix County, Wisconsin.

8.    Defendant, Bradley E. Hopp ("B. Hopp"), is an adult individual who, at all times relevant hereto, was a Wisconsin resident who resided at the above-captioned address in St. Croix County, Wisconsin.

9.    Defendant, Jedediah B. Hopp ("J. Hopp"), is an adult individual who, at all times relevant hereto, was a Wisconsin resident who resided at the above-captioned address in St. Croix County, Wisconsin.

## STATEMENT OF FACTS

10.    At all times relevant hereto, Plaintiff PIIC provided commercial liability insurance coverage to JOL, a guide and outfitter business based out of Placerville, Colorado.

11.    On or about January 15, 2019, the Defendants each entered into a Non-Guided Outfitter/Client Contract with JOL, doing business as "Cow Creek Outfitters," for a five-day non-guided hunt, as well as a fully furnished drop camp for the dates of October 12-16, 2019.

12.    On or about October 10, 2019, prior to participating in the hunt, Defendants each entered into and executed a Waiver of Liability and Hold Harmless Agreement with JOL.  A set of all such documents identified in these last two paragraphs is attached hereto as Exhibit "A."

13.    On October 16, 2019, a fire incident occurred in the Outfitter/Guide camp occupied by the Defendants, known as the "Green Mountain Camp", near Stealey Mountain South Trail within the Uncompahgre Wilderness/National Forest, located in Ouray County, Colorado.

14.    Upon investigation by the U.S. Department of Agriculture – Forest Service ("USDA-FS"), a Wildland Fire Origin and Cause report was issued indicating that the fire was caused by the ignition of materials and embers exiting out of the top of the stove pipe attached to a wood burning stove in the Green Mountain Camp occupied and used by Defendants, which ultimately landed on the ground – igniting dry vegetation.

15.     The subject fire burned an estimated 850 acres of land, which required substantial fire fighting suppression and other expenses incurred by the USDA-FS, in an amount in excess of $2 million dollars.

16.     The USDA-FS contended that JOL was responsible for the activities at such campsite that resulted in the fire.

17.     In light of the claim of the USDA-FS, JOL submitted a claim to its liability insurance carrier, PIIC.

18.     In accordance with its respective liability insurance coverage provided to JOL, PIIC tendered the limits of its policy and made payment on behalf of its insured to the U.S. Department of Justice in the amount of $500,000.00.

19.     By virtue of said payment, Plaintiff PIIC is subrogated to the rights of its insured JOL to seek recovery from any third-party responsible for causing the resultant damages, and/or legally liable for such damages.

## COUNT I – NEGLIGENCE

20.     The allegations contained in the preceding paragraphs are incorporated as if fully set forth here.

21.     Defendants had a duty to perform in a reasonable and prudent manner with regard to the equipment and resources provided to them by JOL for their hunting stay.

22.     Defendants knew, or should have known, as a result of the instructions supplied by the representatives of JOL as to the cabin and related equipment that Defendants' failure to abide by such instructions could result in a dangerous situation due to the dryness and susceptibility of the surrounding foliage.

23.    Defendants breached such duty by, among other things, failing to act in a reasonable manner with regard to the proper use and installation of the aforementioned equipment.

24.    As a direct and proximate cause of Defendants' actions and omissions, Plaintiffs suffered actual and sustainable damages.

## COUNT II – CONTRACTUAL INDEMNITY

25.    The allegations contained in the preceding paragraphs are incorporated as if fully set forth here.

26.    Under the terms of Waiver of Liability and Hold Harmless Agreements with JOL, Defendants each agreed to the following clear indemnity provision:

"3. I further hereby agree to indemnify and save and hold harmless the **releases**[1] and each of them, from any loss, liability, damage or cost they may incur due to my participation in the hunt, whether caused by the negligence of any or all of the **releases**, or otherwise."

27.    The fire damages to the forest, and resulting loss and claim, were incurred due to Defendants' participation in the hunt, which triggers Defendants' contractual duty to indemnify the Plaintiffs.

28.    As such, Defendants are contractually obligated to reimburse Plaintiffs for the damages incurred, and the amounts paid to the U.S. Department of Justice.

**WHEREFORE,** Plaintiffs respectfully request judgment against Defendants in the amount of $500,000.00 and defense costs, plus attorney fees, interest, delay damages, and for such other costs and relief as this Honorable Court shall deem appropriate under the circumstances.

---

[1]    The highlighted term "releases" is defined in the Waiver of Liability and Hold Harmless Agreements as "Jackson Outfitters, its officers, servants, agents and employees."

**YOST & BAILL, LLP**


Dated:   September 11, 2025          BY:     /s/ Teirney S. Christenson
                                     Teirney Christenson, (SBN 1056438)
                                     2675 North Mayfair Road, Suite 600
                                     Milwaukee, WI 53226
                                     Tel.: (414) 203-2054
                                     Fax: (414) 259-0610
                                     tchristenson@yostbaill.com


**de LUCA LEVINE, LLC**


Dated:   September 11, 2025          BY:     /s/ Kenneth Levine
                                     Kenneth Levine, Esquire
                                     (*not admitted presently,*
                                     *but will seek pro hac vice admission*)
                                     301 E, Germantown Pike, 3rd Floor
                                     E. Norriton, PA 19401
                                     Tel.: (215) 588-5085
                                     klevine@deLucaLevine.com